SCHEDULED FOR ORAL ARGUMENT ON NOVEMBER 16, 2009
_____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

|  |  |
|---|---|
| **John T. Hines,** ) | |
| ) | |
| Appellant, ) | |
| ) | D.C. Cir. No. 08-5459 |
| v. ) | |
| **UNITED STATES OF AMERICA, et al.** ) | |
| ) | |
| Appellees. ) | |

_____

## APPELLANT'S OPPOSITION
## TO APPELLEES' MOTION TO DISMISS APPEAL

Appellant moves this Court to deny Appellees' motion to dismiss this appeal. Appellees claimed that the District Court's final judgment renders this appeal moot. As discussed below, the appeal is not moot because the issues presented are still "live"; the parties continue to have a cognizable interest in the outcome; and the District Court abused its discretion in its order of September 30, 2009 granting summary judgment.

### DISCUSSION

#### A.   *Appellees Misapplied Tucson v. Sullivan*

"A case is not moot so long as any single claim for relief remains viable,

whether that claim was the primary or secondary relief originally sought."[1] The "unsatisfied claims preserve the viability of the action and defeat the mootness argument"[2] As long as the parties "have a concrete interest, however small, in the outcome of the litigation, the case is not moot."

In this case, the constitutional "case or controversy" requirement has been met. The claims were not moot when the complaint was filed; there was an amount in controversy at the time the interlocutory appeal was filed; that amount has not been satisfied; and certain issues have not been answered by the District Court -- especially the validity and lawfulness of the underlying tax liability.

### B. Appellees Misapplied Shaffer v. Carter

In *Shaffer*, "The decree as entered not only disposed of the [interlocutory injunction] application but dismissed the action" simultaneously. Plaintiff submitted an interlocutory appeal, and shortly afterwards he submitted a final appeal "from the same decree as a final decree dismissing the action. The latter appeal is in accord with correct practice, since the denial of the interlocutory application was merged in the final decree. The first appeal (No. 531) will be

---

[1] TUCSON MEDICAL CENTER v. SULLIVAN, 947 F.2d 971, 978 (D.C. Cir. 1991)
[2] Id. 978

dismissed."[3]

Such a scenario is inapplicable here, and Appellees are misapplying *Shaffer*. The interlocutory appeal in this case was not "merged in the final decree" and cannot be considered moot.

### C.     Appellees Misapplied Burgess v. Ryan

This case cannot be moot because "the preliminary injunction remains in force."[4]

### D.     The District Court abused its discretion

The District Court's decision of September 30, 2009 is contrary to the analysis presented in *Shaffer* where the U.S. Supreme Court stated: "It will be convenient to postpone the question of the lien until all questions as to the validity of the tax have been disposed of."[5]

This case has two main questions: (1) the validity of the tax; and (2) the measures adopted for enforcing a levy.

Neither the District nor Appellees rebutted any of Appellant's challenges to the validity of the tax, and therefore these challenges have been conceded. When an Appellant raises a serious issue related to the validity of a tax (or any legal

---

[3] *Shaffer v. Carter*, 252 U.S. 37, 44(1920)
[4] *Burgess v. Ryan*, 996 F.2d 180, 184 (7th Cir. 1993)
[5] *Shaffer* at 49

provision) those challenges cannot be simply overcome by ignoring them.

Appellant has dedicated most of his first brief on appeal to prove that the underlying tax liability is invalid. In its final decision of September 30, 2009, the District Court did not consider that issue. Therefore, the first issue regarding the validity of the tax is still "live" -- and this case cannot be considered as moot.

On the second question, the court willfully ignored facts related to IRS violations in enforcing the collection. There is no evidence to prove that the IRS sent Appellant a Notice and Demand. There is not a single document signed by an assessment officer to prove the validity of the assessment. What Appellees presented are records signed by a "technician" -- that is as valid an assessment as a court order would be valid if signed by a "courtroom technician." The assessments are simply invalid, rendering all collection measures invalid.

In addition, the IRS did not meet the notice requirements as the District Court stated. Appellees never even claimed that the IRS mailed a Notice and Demand. The District Court cannot testify to facts of which it knows nothing

Furthermore, the Due process notices were not "properly mailed." According to Regulations, it is not sufficient for the IRS to mail the notices, but they have to be "properly sent" -- which the IRS did not do in this instance and the District Court ignored Plaintiff's argument on this issue.

In claiming that the levy was "lawful," the District Court also ignored

Plaintiff's arguments and the express language of the Internal Revenue Code. A copy of the Notice of Objections filed with the District Court is attached herewith -- explaining the abuses of discretion committed by the District Court.

## CONCLUSION

In *South Carolina v. Regan*, Justice Blackmun stated in his concurring opinion that "a necessary first step in applying the Anti-injunction Act, that is, the determination whether the litigation is a 'suit for the purpose of restraining' any tax."[6]

The District Court abused its discretion twice: first when it denied Plaintiff's preliminary injunction without first determining that what the IRS is collecting is actually a valid tax. Second, it granted Appellees' summary judgment without also determining the validity of the alleged tax liability.

In *South Carolina*, Justice Blackmun stated that the suit "is not one 'for the purpose of restraining the assessment or collection of any tax.'"[7] In this case, Neither Appellees nor the District Court proved the legitimacy of the alleged tax.

The District Court ignored the facts and the law and granted summary judgment to the IRS. The District Court did not clarify what authority it has to ignore the U.S. Constitution, U.S. Supreme Court precedent, the express language

---

[6] *South Carolina v. Regan*, 465 U.S. 367, 383 (1984)
[7] *South Carolina* at 384

of the Internal Revenue Code, and Plaintiff's testimony signed under the penalty of perjury.

For reasons explained in the Notice of Objections, Appellant believes that the oral hearing before the District Court on the preliminary injunction was nothing more than a show. The District Court decided whatever it has predetermined to decide regardless of what Appellant says. Throughout this case before the District Court, Appellant's arguments were not properly considered. The hearing before the District Court was not aimed at finding justice, but at justifying that "Plaintiff was heard, and now we can crucify him."

If your intent from the hearing on November 16 is the same, then there is no need to attend. You can crucify Appellant without attendance. However, if the hearing is truly intended to discover the truth and judge with justice, and if Appeals judges are more respectful of the law than District Court judges, then I believe there is sufficient facts (with the District Court and with the Court of Appeals) to show that the tax is not valid, the assessment is not valid, the notice requirements was not proper, and Appellant is entitled to damages. Then, the Court would grant Appellant's relief without any hearing.

I will not attend the November 16 hearing. Appellant does not have money and his lawyer has been helping him for over a year almost for free. I first believed that there was justice to fight for, but I no longer believe so. I am no

longer interested in adding any more hours to what I have already spent because -- from my experience -- the judicial system is corrupt. I will not be a participant in a scam that gives the illusion of justice while it is rigged and lacks the basic elements of common sense and justice.

If the DOJ attorneys and judges want to use the unlimited resources of the government to destroy their government and their people with their corruption, let them go ahead. Let them dismiss the case, go to a happy hour, and have no thought of the lives they have destroyed.

The IRS knows that it can violate the law against hundreds of thousands of Americans, and its victims cannot afford to sue. Those who end-up suing will literally be eaten-up by some corrupt judges who will side on the side of the IRS.

This country is being destroyed from East to West due to corruption and the lack of any incentive to do what is right.

The "judicial system" apparently has no need for lawyers to fight for justice. Those who do will be bankrupted or frustrated by unnecessary delays from the DOJ and the judicial system -- which needs a year to decide on a fact that should have been settled in one day. All that a judge has to do is ask the IRS: "Show me the document signed by an assessment officer to prove that this man is liable for the taxes you claim"; "What is the taxable activity in this case?"; "Under what provision of the Code this man's activity is found to be taxable?" Of course, the

judge will not do so, and the scam continues.

If they think this is "justice," then let them keep it. When the time comes when they need true justice themselves, then, at that point, let them be the ones who fight for it. Now, they are too ignorant to know that their injustice is destroying them before anyone else.

Based on the foregoing, this Court should end the illegal levy on Appellant's social security benefits and grant Appellant damages listed in his affidavit and filed with the District Court.

___/s/_____           October 13, 2009
Elias Aoun, Esq.
Lawyer for John T. Hines
2531 Trellis Green
Cary, NC 27518
Cellphone (202) 257-7796

## CERTIFICATE OF SERVICE

I hereby certify that on October 13, 2009 a true and correct copy of the foregoing was electronically filed with the Clerk of the Court for the U.S. Court of Appeals for the D.C. Circuit, and served on counsel for the appellees via the CM/ECF system.

_____/s/_____
Elias Aoun, Esq.