SCHEDULED FOR ORAL ARGUMENT ON NOVEMBER 16, 2009
_____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**John T. Hines,**

   Appellant,

       v.

**UNITED STATES OF AMERICA, et al.**

   Appellees.

D.C. Cir. No. 08-5459

_____

## APPELLANT'S SURREPLY

In their reply of October 16, 2009, the United States and the Internal Revenue Service stated that "nothing" in Appellant's opposition "undermines either the reasoning or conclusion" advanced in their motion. That is not accurate.

Firstly, Appellant's Opposition stated that "A case is not moot so long as any single claim for relief remains viable, whether that claim was the primary or secondary relief originally sought."[1] The validity and lawfulness of the underlying tax liability, which is part of the interlocutory appeal, remains viable and was

---

[1] TUCSON MEDICAL CENTER v. SULLIVAN, 947 F.2d 971, 978 (D.C. Cir. 1991)

never addressed by the District Court. Appellees' motion did not answer the question on how they consider an undecided issue to be "moot."

The appeal presents two main questions: (1) the validity of the tax; and (2) the measures adopted for enforcing a levy. Neither the District nor Appellees rebutted any of Appellant's challenges to the validity of the tax.

Appellees are incorrect in claiming that "the District Court entered a decision on the merits." The District Court never discussed the validity of the tax. The "unsatisfied claims preserve the viability of the action and defeat the mootness argument"[2] It is Appellees arguments that are misplaced in the application of *Tucson*.

Secondly, Appellant agrees in making a mistake in the Opposition pleading by using the wrong quotation from *Burgess*. However, the Seventh Circuit in *Burgess* stated: "To prevail under §1983 Burgess must show that Illinois's system is unconstitutional even when properly carried out."[3]

By using similar reasoning in this appeal, Appellant did prove that the so-called "tax" being collected is unconstitutional and he should prevail especially since Appellees conceded by failing to rebut. That issue is still "live", it has been on appeal from the beginning, and it has not been decided by the District Court.

---

[2] TUCSON at 978
[3] *Burgess v. Ryan*, 996 F.2d 180, 185 (7th Cir. 1993)

Appellees' motion and reply fail because they did not present all the issues advocated in the interlocutory appeal and outline how each of these issues was rendered moot. For Appellees to imply that a decision on certain issues render other undecided issues moot has no basis in the facts or law.

Thirdly, Appellees continue to refer to Appellant as a "taxpayer." Appellant is not a taxpayer for the tax years in questions. Appellees never provided a scintilla of evidence to prove how Appellant became a taxpayer. Their argument has no basis in facts or law.

For about a year, Appellant had submitted enough information to prove that the tax being levied has no validity and the collection measures are unlawful. Many of these arguments remain un-rebutted. The evidence on record must be taken in Appellant's favor, because it is not excusable for a "Department of Taxation" at the Department of "Justice" to be unable, in over a year, to present a single argument on how a tax is determined to be a tax and then justified to be levied.

Fourthly, the District Court's decision is void for fraud and Appellees cannot use that decision as a justification to dismiss the appeal.

## CONCLUSION

If anyone cares, Appellant used to earn a good living from his career. At the present, he has no money, barely working few hours per week, and his life has

been destroyed by the IRS. There are many IRS victims like him -- whose lives have been shattered and destroyed by IRS illegal conduct.

There is enough facts on the record to justify granting Appellant the relief being sought. If he does not get his relief after one year struggling with the courts with bare financial necessities, then this court and all the DOJ attorneys would not have defeated him, but they would have succeeded in destroying one American at a time and whatever is left of justice.

The duty to keep the stream of justice flowing crystal clear from even the slightest clouding of prejudice is upon this Court.

Based on the foregoing and all pleadings filed by Appellant, this Court should end the illegal levy on Appellant's social security benefits and grant Appellant damages listed in his affidavit and filed with the District Court.

___/s/_____                                  October 22, 2009
Elias Aoun, Esq.
Lawyer for John T. Hines
2531 Trellis Green
Cary, NC 27518
Cellphone (202) 257-7796

_____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

|  |  |
|---|---|
| **John T. Hines,** ) | |
| ) | |
| Appellant, ) | |
| ) | D.C. Cir. No. 08-5459 |
| **v.** ) | |
| **UNITED STATES OF AMERICA, et al.** ) | |
| ) | |
| Appellees. ) | |

_____

**ORDER**

Having considered pleadings filed by both Appellant and Appellees, it is therefore

ORDERED that Appellees' motion to dismiss appeal is DENIED,

IT IS SO ORDERED.

DATED this ___ day of _____

_____
UNITED STATES COURT OF APPEALS JUDGE

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 22, 2009 a true and correct copy of the foregoing was electronically filed with the Clerk of the Court for the U.S. Court of Appeals for the D.C. Circuit, and served on counsel for the appellees via the CM/ECF system.

_____/s/_____
Elias Aoun, Esq.