# 08-5459

_____

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

|                                        |     |                          |
|----------------------------------------|-----|--------------------------|
| **John T. Hines,**                     | )   |                          |
|                                        | )   |                          |
|     Appellant,     | )   |                          |
|                                        | )   | D.C. Cir. No. 08-5459    |
|     **v.**          | )   |                          |
| **UNITED STATES OF AMERICA, et al.**   | )   |                          |
|                                        | )   |                          |
|     Appellees.     | )   |                          |

---

### APPELLANT'S PETITION FOR REHEARING EN BANC

---

Dated:     November 16, 2009

Elias Aoun, Esq.
Lawyer for John T. Hines
2531 Trellis Green
Cary, NC 27518
(202) 257-7796

1

# **TABLE OF CONTENTS**

Page

TABLE OF CONTENTS …………………………………………….......... 2-3

TABLE OF AUTORITIES...………………………………………....... 4

QUESTION PRESENTED ……………………………………………7
    The Question In Other Words …………………………………………8

INTRODUCTION ...……….…………………………………….......... 8

STATEMENT OF FACTS ………..…..……………………………..9

ARGUMENT ………………………………….....................................11

**I.**    **A CASE IS NOT MOOT SO LONG AS ANY SINGLE CLAIM FOR RELIEF REMAINS VIABLE** ……………………………11

    **A.**    *The Alleged Tax is Not Lawful* ……………………………12

        "... whatever it [the government] does say and do must be lawful." *Poindexter v. Greenhow*, 114 U.S. 270, 290; 5 S.Ct. 903, 914 (U.S. 1885)

    **B.**    *Failure of the Notice Requirements* ………………………14

        The District Court and the Panel of this Court ignored the notice requirements and Appallent's entitlement to relief due to lack of proper notification.

**II.**    **APPELLEES MISAPPLIED** *Shaffer v. Carter* …………………15

**III.**    **APPELLEES FAILED TO MEET BURDEN OF PROOF** …….15

**IV.**    **FRAUDULENT CONCEALMENT OF FACTS** ………………..17

**V.      THE COURT ABUSED ITS DISCRETION** ……………………17

**VI.     APPELLANT'S IRREPARABLE HARM** ………………………18

Conclusion ……………………………………..…………………….............19

Certificate of Compliance …………………………………..…… ………..20

Certificate of Service ……………………………………..………….............21

# TABLE OF AUTHORITIES

## Caselaws

*Miller v. Standard Nut Margarine Co*., 284 U.S. 498 (U.S. 1932) ………………13
*Poindexter v. Greenhow*, 114 U.S. 270, 290; 5 S.Ct. 903 (U.S. 1885) ........……12, 13
*Shaffer v. Carter*, 252 U.S. 37 (1920)…………………………….................15, 17
*South Carolina v. Regan*, 465 U.S. 367 (1984) …………………………………....17
*TUCSON MEDICAL v. SULLIVAN*, 947 F.2d 971 (D.C. Cir. 1991)………….11, 12

## Fed. R. Civ. Pro.

Fed. R. Civ. Pro. 11 ………………………………………..…………………16

## Statutes and Regulations

26 USC §6201 ………………………………………..…………………………15
26 USC §6212 …………………………………………..……………………14

26 USC § 6330 ………………………………….…………………....6, 11
26 USC § 6331 ……………………………………………..5, 6, 10, 11, 14
26 USC § 7421 ………………………….....................................7, 13, 14
26 CFR 301.6330-1 …………………………………………....5, 10, 11, 14

# GLOSSARY OF ABBREVIATIONS

IRS:  Internal Revenue Service

DOJ:  Department of Justice

This proceeding involves questions of considerable importance. Due Process and constitutional government are one of the important aspects in the foundation of our nation. Any decision that would undermine due process or constitutional government is of exceptional importance that deserves anyone's attention, especially those entrusted to interpret the law.

Firstly, Appellant asserts that he is a **"nontaxpayer"** for the years in question and did not owe "income tax" as "income" is defined by the U.S. Supreme Court. Appellees NEVER provided any legal argument to rebut the arguments presented by Appellant. Appellees did not explain what legal duty exists, based on what law, and how Appellant failed to meet that legal duty. If Appellees did do so, then Appellant may be able to discover his error if he is in error. Instead, Appellees simply make the accusation of "taxpayer" and provide no legal explanation as to the reasons behind their assertions. By doing so, they concede the accuracy of Appellant's argument, and, therefore, Appellant is entitled for the relief sought.

Secondly, Appellant asserts that the Internal Revenue Service (IRS) did not comply with the notice and demand requirement under Section 6331(a). Furthermore, the notice under Section 6330 was not "properly sent" pursuant to 26 CFR 301.6330-1 [Q-A9 and A-A9]. These facts are UNCONTESTED and the

5

District Court has refused to take them into consideration.

Therefore, the IRS assessment was unlawful. In addition, the IRS subsequent collection measures were (1) invalid since the assessment was invalid and (2) did not conform with prescribed procedure.

The U.S. District Court erred in denying Appellant's motion for a Preliminary Injunction to halt the IRS illegal levy of Appellant's social Security benefits because the District Court reached its October 3, 2008 decision without contemplating the lawfulness of the tax, whether the notice and demand requirement under Section 6331(a) was met, and whether the notice under Section 6330 was "properly sent."

Appellees now claim that the interlocutory appeal should be dismissed for being "moot" since the District Court entered a judgment on September 30, 2009 in favor of Appellees. However, in its judgment, the District Court once again made its decision  without contemplating the lawfulness of the tax, whether the notice and demand requirement under Section 6331(a) was met, and whether the notice under Section 6330 was "properly sent." Appellees NEVER explained how undecided issues are considered to be "moot."

If the tax statutes are vague and Appellees are unable to justify their claims to the lawfulness of the tax, then any judgment based on the allegations is void.  Due to

6

violation of due process and notice requirements, any judgment is also void.

On November 9, 2009, the Court of Appeals, a three judges panel, dismissed the Appeals for mootness without any explanation. Undecided issues are not moot, and a void judgment cannot be a cause for mootness.

Appellant is being rail-roaded, and his rights are being willfully ignored, suppressed, and denied.

Appellant requests that his case be reviewed en banc due to the evident obstruction of justice and concealment of pertinent facts. The courts are obliged to take unlawful conduct and practices into consideration to prevent injustice, and to prevent the judicial system from sanctioning injustice.

## QUESTIONS PRESENTED

Whether a Court should be allowed to condemn someone to a liability without considering the lawfulness of that liability; whether a person should be deprived of property without due process; whether the Anti-Injunction Act applies even in the presence of *un-rebutted* evidence to unlawful conduct by the Internal Revenue Service (IRS) and its failure to provide proper notice and hearing; whether THIS COURT is going to witness obliterating "the line of demarcation that separates constitutional government from absolutism" and do nothing to correct the matter.

7

## The Questions In Other Words

If the American People are truly free, with natural, individual Rights endowed by the Creator rather than privileges granted by the State or government, and if those Rights are unalienable individual Rights, and if the federal government is truly a servant government established by the sovereign People to secure those individual Rights, and if the power to tax is strictly limited by the original meaning of the words of the U.S. Constitution, and if Appellant has evidence that the IRS is taxing outside the boundaries drawn by the Constitution and the Internal Revenue Code, and if Appellant has evidence that the IRS is collecting the alleged "tax" without proper notice requirements, and if Appellant has repeatedly Petitioned the IRS and the courts with proper statements of grievances and proper demands for relief, and if the IRS and the courts have decided to ignore Appellant's petitions, fail to justify their behavior and refuse to comply with the U.S. Constitution, U.S. Supreme Court rulings, Internal Revenue Code, and Treasury Regulations, does Appellant not then have a Natural, lawful Right to have his grievances redressed and to be heard en banc in his pursuit of protecting his Rights?

## INTRODUCTION

On November 9, 2009, the panel of this Court has in error dismissed the

appeals for mootness without any explanation.  That decision meant, in effect, that the judicial system sanctions injustice -- that the judicial system supports the collection or levy of the alleged tax without notice and demand and without a properly sent notice, that the judicial system will consider "moot" issues that were never decided, and that the judicial system does not care about the harm being inflicted on Appellant as a result.

If left undisturbed, the panel's decision would obliterating "the line of demarcation that separates constitutional government from absolutism."

If left undisturbed, the panel's decision would remove the linchpin of the constitutional system of checks and balances that were deliberately designed as the cornerstone of our system of governance for the *peaceful* protection and preservation of the Constitutional Republic and individual Rights.

After all, what would be the purpose of a judiciary if it does nothing to halt a harm being inflicted?  What role would the judiciary and the Department of "Justice" be playing when they collectively and intentionally close the door in the face of the non-violent means of preserving the unalienable Rights of Americans?

## STATEMENT OF FACTS

From October 2006 to March 2007, the IRS illegally levied $1,100 monthly from Appellant's social security retirement benefit check of $1,746.00.

9

The monthly deductions resumed in January 2008 for an amount of $1,192, increased to $1,230 monthly in February 2008, and continue until today.

In addition to the Social Security levy, the IRS garnished (on May 1, 2007) Appellant's professional proceeds or compensation in the amount of $13,700 from Osceola Anesthesia Associates.

Also in May 2007, the IRS levied Appellant's 444 shares of MetLife, Inc. held for him by Mellon Investor Services worth about $30,000. The IRS told Mellon to liquidate Appellant's shares, and Mellon sold theses shares on the market for about $30,000.  From the proceeds of the forced sale of Appellant's stocks, Mellon sent $8,468 to the IRS and $21,775.10 to Appellant.

These levies were done for an alleged tax debt for tax years 1998 through 2001 and 2003.

Appellant never received a notice and demand pursuant to Section 6331(a). The notice under Section 6330 was not "properly sent" pursuant to 26 CFR 301.6330-1 [Q-A9 and A-A9].  Appellant had written the IRS on more than one occasion stating that he had not received a hearing, and asked for one.  The IRS did not grant Appellant a hearing despite his request.

These levies caused severe and unnecessary hardship to Appellant who is entitled to damages.  Appellant is entitled to injunctive relief and an end to the

levy on his social security benefits.

In their reply, Appellees should answer few simple questions:

- Did the IRS send a notice and demand pursuant to Section 6331(a), prior to the levy?

- Did the IRS "properly send" (as explained in 26 CFR 301.6330-1 [Q-A9 and A-A9]) the notice under Section 6330?

- Is the alleged "tax" imposed on Appellant constitutional? If yes, to provide the legal analysis for their conclusion.

In the absence of answers, this Court would have no other option but to grant Appellant the relief he seeks. Doing anything else would amount to obliterating the line of demarcation between constitutional government and tyranny.

## ARGUMENT

## I.  A CASE IS NOT MOOT SO LONG AS ANY SINGLE CLAIM FOR RELIEF REMAINS VIABLE

"A case is not moot so long as any single claim for relief remains viable, whether that claim was the primary or secondary relief originally sought."[1]  The

---

[1] TUCSON MEDICAL CENTER v. SULLIVAN, 947 F.2d 971, 978 (D.C. Cir. 1991)

"unsatisfied claims preserve the viability of the action and defeat the mootness argument"[2]  As long as the parties "have a concrete interest, however small, in the outcome of the litigation, the case is not moot."

In this case, the constitutional "case or controversy" requirement has been met.

### A.    The Alleged Tax is Not Lawful

The lawfulness of the "tax" in question has not been decided by the District Court or the panel of this Court.  The Supreme Court frames the issue clearly with regard to extorting money outside lawful or Constitutional authority.

> ". . . the maxim, that the king can do no wrong, has no place in our system of government; yet it is also true, in respect to the State itself, that whatever wrong is attempted in its name is imputable to its government, and not to the state, for, as it can speak and act only by law, **whatever it does say and do must be lawful**.  That which, therefore, is unlawful because made so by the supreme law, the Constitution of the United States, is not the word or deed of the state, but is the mere wrong and trespass of those individual persons who falsely spread and act in its name." *Poindexter v. Greenhow*, 114 U.S. 270, 290; 5 S.Ct. 903, 914 (U.S. 1885)

> "This distinction is essential to the idea of constitutional government. **To deny it or blot it out obliterates the line of demarcation that separates constitutional government from absolutism**, free self- government based on the sovereignty of the people from that despotism, whether of the one or the many, which enables the agent of the state to declare and decree that he is the

---

[2]  Id. 978

state; to say *'L'Etat, c'est moi.'*  **Of what avail are written constitutions**, whose bills of right, for the security of individual liberty, have been written too often with the blood of martyrs shed upon the battle-field and the scaffold, **if their limitations and restraints upon power may be overpassed with impunity by the very agencies created and appointed to guard, defend, and enforce them**; and that, too, with the sacred authority of law, not only compelling obedience, but entitled to respect? And how else can these principles of individual liberty and right be maintained, if, when violated, the judicial tribunals are forbidden to visit penalties upon individual offenders, who are the instruments of wrong, whenever they interpose the shield of the state? The doctrine is not to be tolerated. The whole frame and scheme of the political institutions of this country, state and federal, protest against it. Their continued existence is not compatible with it. It is the doctrine of absolutism, pure, simple, and naked, **and of communism which is its twin, the double progeny of the same evil** birth." *Id* at 291.

And here is an example from another U.S. Supreme Court decision:

". . . in cases where complainant shows that in addition to the illegality of an exaction in the guise of a tax there exist special and extraordinary circumstances sufficient to bring the case within some acknowledged head of equity jurisprudence, a suit may be maintained to enjoin the collector." *Miller v. Standard Nut Margarine Co*., 284 U.S. 498, 509; 52 S.Ct. 260 (U.S. 1932)

By refusing to address the lawfulness of the tax in question and the arguments presented by Appellant, the Department of Justice, the District Court, and the Panel of this Court have sanctioned that the IRS can act unlawfully, have sanctioned that the government can hide behind the Anti-Injunction Act (AIA) to

continue its unlawful conduct, and have acted contrary to U.S. Supreme Court precedent without providing any explanation.

Furthermore, by refusing to provide explanation, the DOJ and the courts would be complicit in keeping honest Americans in the dark about the law so that these Americans would be taken advantage of by so-called "tax gurus."

### B.    Failure of the Notice Requirements

One exception to AIA is spelled out in the words of Section 7421(a) itself: the Act does not preclude injunctive suits within the contemplation of 26 USC § 6212 which relates to situations where a notice of deficiency is required "by certified mail or registered mail."   Appellant has not received a notice of deficiency "by certified mail or registered mail."

Notice and Demand, pursuant to Section 6331(a),  was never sent by the IRS.

The notice under Section 6330 was not "properly sent" pursuant to 26 CFR 301.6330-1 [Q-A9 and A-A9].

The District Court and the Panel of this Court ignored the notice requirements and Appallent's entitlement to relief due to lack of proper notification.

Ignoring violation of due process renders the court's judgment void.

14

## II.   APPELLEES MISAPPLIED Shaffer v. Carter

In *Shaffer*, "The decree as entered not only disposed of the [interlocutory injunction] application but dismissed the action" simultaneously. Plaintiff submitted an interlocutory appeal, and shortly afterwards he submitted a final appeal "from the same decree as a final decree dismissing the action. The latter appeal is in accord with correct practice, since the denial of the interlocutory application was merged in the final decree. The first appeal (No. 531) will be dismissed."[3]

Such a scenario is inapplicable here, and Appellees misapplied *Shaffer*. The interlocutory appeal in this case was not "merged in the final decree" and cannot be considered moot.

## III.   APPELLEES FAILED TO MEET THEIR BURDEN OF PROOF

Based on 26 USC 6201, in any court proceeding, if a Plaintiff asserts <u>a reasonable dispute</u> with respect to <u>any item</u> of income . . .  the Secretary shall have the burden of producing reasonable and probative information concerning such deficiency in addition to such information return.

In his first brief, Appellant contested the liability imposed and outlined the

---

[3] *Shaffer v. Carter*, 252 U.S. 37, 44(1920)

15

law from the U.S. Constitution to the Internal Revenue Code to prove his position that his compensation is not taxable "income."

Many of these arguments remain un-rebutted. The evidence on record must be taken in Appellant's favor, because it is not excusable for a "Department of Taxation" at the Department of "Justice" to be unable, in over a year of litigation, before both the District Court and the Court of Appeals, to present a single argument on how Appellant's earnings were found to be taxable. Appellees contention that Appellant is a "taxpayer" without offering the legal determination on how he became a "taxpayer" is a frivolous argument made by Appellees -- which have failed to meet their burden of proof.

By refusing to provide specific answers, if there are any, the DOJ is complicit in keeping honest Americans victims to tax scams. If what the DOJ attorneys say is true, what is the reason in refusing to explain it?

Appellees have an obligation under Fed. R. Civ. Pro. 11 to provide "evidentiary support" for their contentions. They have failed to do so.

By taking evidence in the light most favorable to Appellant, and in the absence of any explanation from Appellees, this Court should grant Appellant the relief sought.

16

## IV.    FRAUDULENT CONCEALMENT OF PERTINENT FACTS

The District Court's decision of September 30, 3009 is void for fraud and cannot be used as a justification to dismiss the appeal.  The DOJ and the Courts simply want to railroad-road Appellant without addressing legitimate facts (such as lawfulness of the "tax" and notice requirements).  If that is not fraud and concealment of evidence, they have not described what else it could be.

## V.    THE COURT ABUSED ITS DISCRETION

In *South Carolina v. Regan*, Justice Blackmun stated in his concurring opinion that "a necessary first step in applying the Anti-injunction Act, that is, the determination whether the litigation is a 'suit for the purpose of restraining' any tax."[4]

In *Shaffer*, the U.S. Supreme Court stated: "It will be convenient to postpone the question of the lien until all questions as to the validity of the tax have been disposed of."[5]

The panel of this Court abused its discretion by not correcting the willful error of the District Court which made decisions regarding the levy, although a

---

[4] *South Carolina v. Regan*, 465 U.S. 367, 383 (1984)

[5] *Shaffer* at 49

17

wrong decision, without first disposing of the issue regarding the validity of the tax.

When an Appellant raises a serious issue related to the validity of a tax (or any legal provision) those challenges cannot be simply overcome by ignoring them.

An issue that has not been decided is not a moot issue.

An issue ignored by the Court or the opposing party is not a moot issue.

This case cannot be considered as moot, and the panel of this Court did not explain the reasons for determining mootness.

## VI.    APPELLANT IS SUFFERING IRREPARABLE HARM

Appellant lost his position that was paying $85 per hour with an average of 120 hours monthly.  For two years now, Appellant's working hours were reduced to less than 40 hours monthly.  The last three months, his work hours were cut more drastically.

Appellant's average monthly earnings were reduced from $10,200 to barely sustaining himself.  His social security benefits were reduced from $1,746 to about $500.  He barely has now $100 to his name.

In addition to financial losses, he has suffered severe health and emotional setbacks.

18

He is seventy years old, had an open heart surgery in 2006, went through a divorce, and has an autistic son.  On many occasions, Appellant has been eating one meal per day due to his financial hardship, not to mention the damage caused to his health by all the stress of battling the IRS over the years and being unable to buy necessary items for his health care.

In his affidavit before the District Court, Appellant wrote:  "I have already lost a wife, a son, a sister, and a mother.  What else can I lose?"  Apparently, that is not enough "irreparable harm" for the IRS, DOJ or the Courts.

## CONCLUSION

For the reasons listed herein, Appellant is entitled to relief.   The question is: Are you going to do anything to correct the problem, or will you allow this man -- and many others -- to remain a casualty to tyranny because you failed to do your part when you had a chance?

WHEREFORE Appellant moves the Court to end the levy on his social security benefits and to grant him damages and other relief the Court deems appropriate.

Submitted by,

___/s/_____                      November 16, 2009

Elias Aoun, Esq.
Lawyer for John T. Hines
2531 Trellis Green
Cary, NC 27518
Cellphone (202) 257-7796

19

# CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS, TYPEFACE REQUIREMENTS AND TYPE STYLE REQUIREMENTS

This brief complies with the type-volume limitation of Fed.R. App. P. 32(a)(7)(B) because this brief contains 3,615 words.

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Office Word, edition 2003 in the Times New Roman font. All text is in 14-point typeface.

_____/s/_____          November 16, 2009
Elias Aoun
Attorney for John T. Hines

20

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 16, 2009 a true and correct copy of the foregoing was electronically filed with the Clerk of the Court for the U.S. Court of Appeals for the D.C. Circuit, and served on counsel for the appellees via the CM/ECF system.


_____/s/_____
Elias Aoun, Esq.
Bar Number 479315